UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

SHAKERA N. FERGUSON,

            Plaintiff,

vs.

RAPID RECOVERY, INC.,

            Defendant.
_____/

## COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

1. This is a case brought pursuant to the Fair Debt Collection Practices Act for the recovery of damages resulting from Defendant's unlawful dispossession of Plaintiff's car and its exaction of fees and costs from Plaintiff in exchange for the return of the car. Plaintiff, a part-time employee and single mother of an infant, lost the use and possession of her car for over three months after Defendant surreptitiously and unlawfully took the car from Plaintiff while she was sleeping. Although Plaintiff immediately showed proof of her rightful ownership of the car to Defendant, Defendant refused to return the car to Plaintiff, holding said car hostage in order to extort money from Plaintiff for the payment of unauthorized, excessive and illegal fees.

**Jurisdiction**

2. This Court has jurisdiction according to 28 U.S.C. §§ 1331 and 1337(a), and 15 U.S.C. § 1692k(d).

**Venue**

3. Venue in this District is proper according to 28 U.S.C. § 1391, because Defendant

transacts business here and the conduct complained of occurred here.

**Parties**

4. Plaintiff, SHAKERA N. FERGUSON, is a natural person residing at all relevant times in Broward County, Florida.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant RAPID RECOVERY AGENCY, INC., is a Florida corporation with its principal place of business in Broward County, Florida.

7. Defendant RAPID RECOVERY is a business whose principal purpose is the enforcement of security interests in which it uses the mails and telephone, and it is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. The alleged security interest Defendant sought to enforce arose in connection with a loan on a car used by FERGUSON for her personal use, and the obligation to pay the car loan and the security interest which Defendant attempted to enforce in connection with that car loan was a "consumer debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

**Purpose of the FDCPA**

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, the United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to

      protect consumers.

**Factual Allegations**

10. On or about July 11, 2011, Defendant Rapid Recovery was hired by a Georgia car dealer, Harmon Motors Company, to find and repossess a 2000 Nissan Altima, VIN 1N4DL01A2YC113030 (the "subject vehicle").

11. At the time Defendant was hired to repossess the subject vehicle, Harmon Motors allegedly had a security interest in the vehicle in the form of a lien on the vehicle's title.

12. From July 11 - 19, 2011, Defendant attempted to locate the subject vehicle without success. Defendant notified Harmon Motors of its inability to locate the vehicle.

13. The account remained dormant for the next eight months, and Defendant made no further efforts to locate the subject vehicle until March 2012.

14. In March 2012, after the passage of eight months, Defendant once again began to search for the subject vehicle. Even though a substantial period of time had passed, Defendant made no efforts to confirm that the alleged lien or security interest of Harmon Motors was still valid and enforceable.

15. In fact, the security interest was not valid and enforceable because the subject vehicle had been lawfully purchased by Plaintiff free and clear of any liens on February 9, 2012.

16. Despite the fact that there was no valid security interest on the vehicle, Defendant tracked down the subject vehicle to the home of Plaintiff's friend, where Plaintiff was spending the night.

17. On April 20, 2012, Defendant unlawfully took the vehicle while Plaintiff and the other occupants of the home were sleeping.

18. Upon awakening and finding her car missing, Plaintiff immediately called the police and first reported the vehicle as having been stolen.  Plaintiff soon became aware that the vehicle had been towed by Defendant, however, and immediately traveled to Defendant's premises to provide proof of her ownership of the subject vehicle and demand its release, which Defendant refused to do.

19. Defendant forced Plaintiff to pay a $40 fee to retrieve her personal items from the vehicle, despite the fact that Plaintiff owned the subject vehicle free and clear of any liens.

20. For the next three months, Defendant refused to release the vehicle, demanding that it be paid "repossession and storage fees" prior to its release, despite the fact that Defendant had no legal authority to dispossess Plaintiff of her vehicle in the first place.

21. Finally, on June 15, 2012, Harmon Motors notified the defendant, that as reflected in the Florida public data base, Harmon Motors' security interest was no longer valid and enforceable, and it issued a check to Defendant in the amount of $350 in payment of Defendant's "repossession fee."

22. Even then, faced with incontrovertible evidence that it had wrongfully dispossessed Plaintiff of her vehicle, Defendant still refused to release the vehicle to Plaintiff, instead demanding more money from Plaintiff ostensibly for the payment of "storage fees."

23. Defendant forced Plaintiff to pay an additional $100 before Defendant would release the subject vehicle to Plaintiff.  Plaintiff was finally forced to pay the fee because she could no longer afford to be without her car.  Defendant finally released the car to Plaintiff on July 3, 2012.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff incorporates Paragraphs 1 through 23 as though they were fully realleged herein.

25. The FDCPA prohibits a debt collector such as Defendant from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if ... there is no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f(6)(A).

26. Defendant's actions in dispossessing Plaintiff of her vehicle without the present right to possession of the vehicle was an unfair or unconscionable practice in violation of FDCPA, 15 U.S.C. § 1692f(6)(A).

27. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff suffered actual damages including alternative transportation costs and expenses related thereto, an "inventory fee," and a "storage fee" and expenses related to the subject vehicle and the insurance cancellation fee and restart fee, recovery of license tag fee and re-registration fees.

28. Plaintiff has also had to hire an attorney for the vindication of her rights and has become obligated to pay her attorney a reasonable fee for her services and other costs of this action.  Plaintiffs is entitled to a reasonable fee upon prevailing against

Defendant pursuant to 15 U.S.C. 1692k(a)(3) and Fed.R.Civ.P. 54(d).

29. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, and costs and attorney fees.

## Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    C. Statutory damages pursuant to 15 U.S.C. 1692k(a) (2)(A);

    D. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3) and Fed.R.Civ.P. 54(d), and

    E. For such other and further relief as this Court may deem just and proper.

## Jury Trial Demand

30. Plaintiff demands trial by jury.

REBECCA J. COVEY, L.L.C.
Counsel for Plaintiff
1318 Southeast 1st Avenue
Fort Lauderdale, Florida 33316
Telephone:   (954) 763-4300
E-mail: RebeccaCovey@LemonAdvice.com

By: /s/ Rebecca J. Covey
    REBECCA J. COVEY
    Florida Bar No. 471641